**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ARCTIC EQUIPMENT OF TEXAS, INC.,

Plaintiff,

vs.

IMI CORNELIUS, INC.,

Defendant.

**Civ. No. 01-CV-485 ADM/AJB**

**STIPULATION AND ORDER ALLOWING SECOND AMENDED COMPLAINT**

---

Plaintiff Arctic Equipment of Texas, Inc. and Defendant IMI Cornelius, Inc., by and through their respective counsel of record, hereby stipulate and agree that the Plaintiff shall be allowed and entitled to serve and file its Second Amended Complaint. A copy of the Plaintiff's Second Amended Complaint will be submitted contemporaneously with this Stipulation. Defendant acknowledges that it will not be unduly prejudiced by the Plaintiff amending its pleadings at this stage of the litigation. Defendant further states that it does not oppose such amendment, but by doing so it does not admit or stipulate that the Second Amended Complaint states a claim for relief which can be granted or that there is any merit to the claims asserted in the Second Amended Complaint.

Date: April 7 2001

**DUNKLEY, BENNETT, CHRISTENSEN & MADIGAN, P.A.**

By ______________________
Michael D. Madigan, Esq. #129586
David G. Parry, Esq. #291980

701 Fourth Avenue South - Suite 700
Minneapolis, Minnesota 55415
Telephone: (612) 339-1290

**ATTORNEYS FOR PLAINTIFF**

FILED AUG - 8 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Date: 8/06/01

**OPPENHEIMER WOLFF & DONNELLY LLP**

By ______________________
Mark S. Olson #82120

3300 Plaza VII Building
45 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 607-7000
Fax Telephone: (612) 607-7100
E-Mail: *MOlson@oppenheimer.com*

**ATTORNEYS FOR DEFENDANT**

**ORDER**

IT IS SO ORDERED.

Dated this 8th day of August, 2001.

BY THE COURT:

______________________
Honorable Arthur J. Boylan
Magistrate Judge of United States District Court

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ARCTIC EQUIPMENT OF TEXAS, INC.,

Plaintiff,

vs.

IMI CORNELIUS, INC.,

Defendant.

**Civ. No. 01-CV-485 ADM/AJB**

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

---

TO: Defendant IMI Cornelius, Inc. and its attorney, Mark Olson, Esq., Oppenheimer, Wolff & Donnelly, LLP, Plaza VII, 45 South Seventh Street, Suite 3300, Minneapolis, Minnesota 55402-1609.

Plaintiff Arctic Equipment of Texas, Inc., by and through undersigned counsel, for its Second Amended Complaint against Defendant IMI Cornelius, Inc., states and alleges and follows:

1. Plaintiff Arctic Equipment of Texas, Inc. ("Arctic" or "Plaintiff") is a Texas corporation with its principal place of business located in Wichita Falls, Texas.

2. Defendant IMI Cornelius, Inc. is a Minnesota corporation that is authorized to do business in the State of Texas.

3. The Federal District Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the Plaintiff and the Defendant and the amount in controversy in this mater exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

4. In or around December of 1995, Arctic entered into an agreement with the Defendant, whereby Arctic purchased, on an ongoing basis, various commercial ice makers, bins, ice dispensers, beverage dispensers, accessories and other products from the Defendant.

5. Arctic invested a considerable amount of time and money creating a market for the aforementioned products that Arctic purchased from the Defendant. Arctic made these investments of time and money in reliance upon numerous representations made by the Defendant.

6. The Defendant has improperly failed and/or refused to reimburse or credit Arctic for various expenses incurred by Arctic. The Defendant has also improperly failed and/or refused to fill orders for products duly placed by Arctic.

7. By taking the aforementioned actions, the Defendant has terminated the agreement and the business relationship between Arctic and the Defendant without proper cause or justification.

**Count I**

**Violation of the Franchise Law**

8 The allegations contained in paragraphs 1 through 7, above, are incorporated by reference as if fully set forth herein.

9. The agreements and the business dealings between Arctic and the Defendant create or constitute a franchise relationship pursuant to Minn. Stat. § 80C, et. seq. or other applicable franchise law.

10. Defendant has improperly terminated the relationship between the parties in violation of Minn. Stat. § 80C et. seq. or other applicable franchise law.

11. Arctic is entitled to recover damages it has incurred as a result of the Defendant's violations of the applicable franchise law. The amount of these damages will be proven at trial, but are alleged to be in excess of $75,000.00.

**Count II**

**Breach of Contract**

12. The allegations contained in paragraphs 1 through 11, above, are incorporated by reference as if fully set forth herein.

13. Arctic had an agreement with the Defendant.

14. As part of its agreement with Arctic, the Defendant represented that it would reimburse or credit Arctic for certain expenses and that it would promptly fill orders placed by Arctic.

15. The Defendant breached its contractual agreement with Arctic by failing to reimburse Arctic, as promised.

16. The Defendant further breached its contractual agreement by failing to fill orders for products duly placed by Arctic.

17. The Defendant further breached its contractual agreement with Arctic by terminating Arctic without cause or adequate justification.

18. As a direct result of the Defendant's breaches of contract, Arctic has suffered harm and is entitled to recover damages in an amount to be proven at trial, but in excess of $75,000.00.

**Count III**

**Breach of Covenant of Good Faith and Fair Dealing**

19. The allegations contained in paragraphs 1 through 18, above, are incorporated by reference as if fully set forth herein.

20. There is an express and/or an implied covenant of good faith and fair dealing contained in the agreements or the commercial relationship between the parties.

21. The Defendant has breached this covenant of good faith and fair dealing.

22. As a direct result of the Defendant's breach, Arctic has suffered harm and is entitled to recover damages in an amount to be proven at trial, but in excess of $75,000.00.

**Count IV**

**Recoupment**

23. The allegations contained in paragraphs 1 through 22, above, are incorporated by reference as if fully set forth herein.

24. Arctic made substantial investments of time and money creating a market for products purchased from the Defendant.

25. Arctic also made substantial investments of time and money setting up and operating a business selling products purchased from the Defendant.

26. Arctic made the aforementioned investments based upon express representations made by the Defendant. Furthermore, Arctic reasonably relied upon the Defendants representations when making these investments of time and money.

27. Arctic made the aforementioned investments in connection with the contractual agreement between the parties.

28. Defendant breached its contract with Arctic and Arctic has suffered damages in connection with the Defendant's breach.

29. As a result of the Defendant's breach, Arctic is entitled to recoupment against the Defendant for an amount to be proven at trial.

**Count V**

**Promissory and/or Equitable Estoppel**

30. The allegations contained in paragraphs 1 through 29, above, are incorporated by reference as if fully set forth herein.

31. Through out its course of dealings with Arctic, the Defendant made express and implied promises and representations to Arctic.

32. The Defendant knew or should have known that such promises and representations would induce action or forbearance by Arctic.

33. The Defendant's promises and representations did, in fact, induce action and/or forbearance by Arctic and such action and/or forbearance was reasonable under the circumstances.

34. Arctic has suffered harm as a result of said action and/or forbearance and is entitled to recover damages against the Defendant under theories of equitable and/or promissory estoppel. The amount of Arctic's damages will be proven at trial, but are alleged to be in excess of $75,000.00.

**Count VI**

**Temporary and Permanent Injunction**

35. The allegations contained in paragraphs 1 through 34, above, are incorporated by reference as if fully set forth herein.

36. The Defendant has improperly refused to deliver products duly ordered by Arctic.

37. Arctic has suffered, and will continue to suffer, irreparable harm as a result of the Defendant's actions.

38. Arctic is entitled to a temporary and permanent injunction prohibiting the Defendants from refusing to deliver products to Arctic based on any event or conduct by Arctic that occurred prior to the date of this Second Amended Complaint.

WHEREFORE, the Plaintiff prays for the following relief:

1. For a judgment against the Defendant in an amount to be proven at trial, but in excess of $75,000.00;

2. For an award of costs, interest and attorney's fees as allowed by law;

3. For an injunction against the Defendant as set forth in this Second Amended Complaint;

4. For such other and further relief as the Court deems just and equitable.

DUNKLEY, BENNETT, CHRISTENSEN
& MADIGAN, P.A.

Dated: July 24, 2001

By: ______________________

Michael D. Madigan, Esq. (#129586)
David G. Parry, Esq. (#281980)
701 Fourth Avenue South - Suite 700
Minneapolis, MN 55415
Ph: (612) 339-1290
Attorneys for Plaintiff

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---


700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500